UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:10-cr-545-T-30TGW

JOHNY ALBERTO CALZADA
_____

ORDER

This cause comes on for consideration of Defendant's Motion for Judgment of Acquittal Not Withstanding the Verdict or, in the Alternative, a New Trial (D-75), and the Government's opposition thereto (D-81).

To put this matter in context, Defendant and his co-defendant were charged in a two-count Indictment with conspiracy to possess with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States and possession with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1), 70504(a)(1), 70506(a) and (b), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). Co-defendant Apolinar De La Cruz Yesquen entered a guilty plea. Defendant proceeded to trial on April 4, 2011. On April 6, 2011, at the close of the Government's case-in-chief, Defendant moved for a judgment of acquittal, arguing that the Government had not satisfied its burden of proving Defendant's guilt beyond a reasonable doubt. The Court denied the

motion and found sufficient evidence presented at trial for a jury to find Defendant guilty beyond a reasonable doubt. Defendant then testified on his own behalf. After approximately two hours of deliberations, the jury found Defendant guilty as to both Count One and Count Two of the Indictment.

Defendant timely filed his motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(c) and, in the alternative, motion for new trial pursuant to Fed.R.Crim.P. 33(a). Defendant contends that no reasonable jury could find that the Government proved the elements of Counts One and Two beyond a reasonable doubt.

Defendant alternatively moves for a new trial on the basis of "the uncertainties and discrepancies in the Government's case." (D-75, p. 3.) Specifically, Defendant contends that his co-defendant testified that he never had a conversation with Defendant about a drug trip and never heard Defendant discuss it with anyone else. Defendant contends that his co-defendant's assumption that Defendant knew about the drugs is not evidence.

The Government responds that there was sufficient evidence for the jury to convict Defendant of Counts One and Two of the Indictment. The Government further argues that the interests of justice do not warrant a new trial.

Rule 29 provides in relevant part that a court must order the entry of judgment of acquittal of "any offense for which the evidence is insufficient to sustain a conviction." Fed.R.Crim.P.

29(a). "In considering a Rule 29 Motion for Judgment of Acquittal, the trial court is required to determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, United States v. Brand, 775 F.2d 1460 (11th Cir. 1985), a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987) (citing United States v. Cole, 755 F.2d 748 (11th Cir. 1985)).

As indicated, Defendant previously raised at trial his argument with regard to the sufficiency of the evidence, and the Court denied his motion for judgment of acquittal. Now, after viewing the evidence in the light most favorable to the Government, and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, the Court again finds that there was sufficient evidence from which a reasonable jury could find the Defendant guilty beyond a reasonable doubt of Counts One and Two of the Indictment.

While Defendant testified that he did not become aware of the illicit nature of the trip until it was too late, it is within the jury's province to gauge Defendant's credibility and choose to disbelieve Defendant's trial testimony. United States v. Peters, 403 F.3d 1263, 1270 (11th Cir. 2005). Moreover, a defendant's testimony, if disbelieved, can be substantive evidence of guilt.

United States v. Ellisor, 522 F.3d 1255, 1272 (11th Cir. 2008). In choosing to testify, Defendant "r[an] the risk that if disbelieved the jury might conclude the opposite of his testimony is true." United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995). As such, Defendant is not entitled to a judgment of acquittal.

As to Defendant's alternative request for a new trial, Rule 33(a), Fed.R. Crim.Pro., provides that the Court may grant a new trial "if the interests of justice so requires." The burden, of course, is on the defendant to establish that a new trial should be granted. To warrant a new trial, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." United States v. Fernandez, 905 F.2d 350, 352 (11th Cir. 1990) (citing United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985)). Moreover, the Court must find that the verdict is against the great weight of evidence in order to grant a new trial on evidentiary grounds. United States v. Sullivan, 1 F.3d 1191, 1196 (11th Cir. 1993) (citing Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)).

The Court finds that the interest of justice does not require a new trial in this case. The evidence did not preponderate heavily against the verdict. As the jury's finding Defendant guilty as to Counts One and Two of the Indictment does not amount to a serious "miscarriage of justice," Defendant is not entitled to the relief he seeks.

The Court ORDERS as follows:

(1) Defendant's Motion for Judgment of Acquittal Not Withstanding the Verdict or, in the Alternative, a New Trial (D-75) is DENIED.

DONE AND ORDERED in Tampa, Florida this 3rd day of May, 2011.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE